IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ESERVICES, LLC,  )
                 )
        Plaintiff, )
                 )
v.               )  Civil No. 3:09CV671–HEH
                 )
ENERGY PURCHASING, INC., )
MICHAEL P. BUCHART, )
EXXO RESOURCES CO., )
MAGNUM DRILLING OF OHIO, INC., )
and BASIN ENERGY CO., )
                 )
        Defendants. )

## MEMORANDUM OPINION
(Objections to United States Magistrate Judge's Report and Recommendation on Motions to Dismiss for Lack of Personal Jurisdiction and Improper Venue)

This matter is before the Court on the Report and Recommendation ("R&R") of the magistrate judge as to the motions to dismiss filed by Michael P. Buchart ("Buchart") and Magnum Drilling of Ohio, Inc. ("Magnum"), and objections thereto by eServices, LLC ("Plaintiff"). The magistrate judge recommended that this Court grant Buchart's and Magnum's motions to dismiss for lack of personal jurisdiction, and deny as moot their motions to dismiss for improper venue. Both sides have filed detailed memoranda supporting their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials presently before the Court and argument would not aid in the decisional process. For the reasons stated below, Plaintiff's objections to the R&R are overruled, and this Court will adopt

1

the magistrate judge's recommendations. Accordingly, Buchart's and Magnum's motions to dismiss for lack of personal jurisdiction are granted, and their motions to dismiss for improper venue are denied as moot.

## I.

Plaintiff eServices is a limited liability company organized under the laws of Delaware, with its principal place of business in Glen Allen, Virginia. Plaintiff "is a midstream logistics company that manages physical assets and provides asset optimization, logistics, gas supply, and risk management services to local distribution gas utilities, large industrials, electric generators, and producers in the Mid-Atlantic area." (Am. Compl. ¶ 1, ECF No. 33). Defendant Energy Purchasing, Inc. ("EPI") is a corporation organized under the laws of Kentucky that sells natural gas. Defendant Michael P. Buchart is a citizen and resident of Kentucky, and the President and sole director of EPI. Defendant Magnum Drilling of Ohio, Inc. is an Ohio corporation with its principal place of business in Ohio. According to Plaintiff, both Buchart and Magnum own interests in natural gas wells located in Kentucky.

This action arises from a series of alleged contracts, known by the parties as Natural Gas Purchase Sales Confirmations ("Confirmations"), in which EPI allegedly agreed to sell natural gas from wells located in Kentucky to Plaintiff. Plaintiff avers that on November 18, 2008, Plaintiff and EPI signed a contract known as Confirmation Number 9047 ("9047"), which provided that EPI would sell Plaintiff a quantity of natural gas from Meter CNR02, located in Kentucky, from November 1, 2009 through October 31, 2011. 9047 is a one-page contract, although it references a Master Gas Contract,

which is a separate three-page document that contains a variety of provisions, including a Virginia choice of law provision and a clause stating that performance of the contract was agreed to have occurred in Virginia. Plaintiff claims that both parties also executed the Master Gas Contract, but is unable to produce a copy of it. Instead Plaintiff attached an unexecuted copy of the Master Gas Contract to its Amended Complaint.

Similarly, Plaintiff alleges that Confirmation Number 9054 ("9054") was executed on or about July 15, 2008, and provided that EPI would supply Plaintiff with natural gas from meter 835043 in Kentucky beginning on November 1, 2008 and ending on October 31, 2010. Like 9047, 9054 references the Master Gas Contract, though Plaintiff is unable to produce a signed copy of it.

From November 2008 through August 2009, EPI apparently performed under 9054 by providing Plaintiff with natural gas from meter 835043. However, Plaintiff claims that on August 25, 2009, EPI communicated to Plaintiff an intention to cease selling it natural gas. Plaintiff alleges that it requested adequate assurances of performance from EPI as to both 9054 and 9047 yet none were received. As a result, on October 21, 2009, Plaintiff filed the Complaint presently before the Court against EPI alleging breach of contract, anticipatory repudiation, and anticipatory breach. Counts I and II seek damages for the breach of 9054 and 9047 in the amount of $79,096.00 and $2,007,500.00, respectively. Count III seeks declaratory relief, and Count IV seeks specific performance.

By leave of Court, Plaintiff filed an Amended Complaint on May 3, 2010, adding Buchart and Magnum as defendants, as well as EXXO Resources Company ("Exxo") and

3

Basin Energy Company ("Basin").[1] In addition to the factual allegations contained in the original Complaint, the Amended Complaint alleges that EPI was dissolved as a corporation at the time that it entered into 9047 with Plaintiff. Accordingly, Plaintiff claims that Buchart, as the sole shareholder of EPI, is personally liable for EPI's obligations under the contract.

Plaintiff further alleges that EPI was acting on behalf of a joint venture comprised of EPI, Magnum, Buchart, and others at the time 9047 was agreed upon. Alternatively, Plaintiff alleges that EPI was the agent of Magnum, Buchart and the other named defendants. Plaintiff believes that these two allegations form a sufficient basis for this Court to exercise personal jurisdiction over Magnum.

On June 8, 2010, Magnum filed a motion to dismiss for lack of personal jurisdiction, and a motion to dismiss for improper venue, or in the alternative, to transfer venue. Buchart filed a separate motion to dismiss for lack of personal jurisdiction and improper venue on the same day. Magnum argues that it was not part of the alleged joint venture and that EPI is not its agent, and therefore EPI's contacts with Virginia should not be attributed to Magnum. In response, Plaintiff maintains that EPI was either Magnum's agent, or that Magnum was part of a joint venture with EPI and others. According to Plaintiff's argument, in either case EPI's contacts with Virginia would be

---

[1] Plaintiff has subsequently settled all claims against Basin and Exxo, and all claims against Basin and Exxo have been dismissed with prejudice. Plaintiff has also settled its claim against Magnum for breach of contract as to Confirmation 9054. Thus, what remains at issue are Plaintiff's claims against EPI, Magnum, and Buchart for breach of Confirmation 9047.

attributable to Magnum, thereby forming the proper basis for personal jurisdiction over Magnum in Virginia.

Buchart argues that his contacts with Virginia are insufficient for this Court to exercise personal jurisdiction over him, and that any contacts that EPI had with Virginia cannot be imputed to him personally since such contacts arose solely from his role as President of EPI. Relying on Kentucky corporate dissolution law, Plaintiff counters that EPI was administratively dissolved at the time that it entered into the alleged contracts, making Buchart, as president and sole shareholder of EPI, personally liable for EPI's contractual obligations and responsible for its contacts with Virginia.

## II.

The Court reviews *de novo* any part of the magistrate judge's report and recommendation to which a party has properly objected. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C). A reviewing court may accept, reject, or modify, in whole or part, the magistrate judge's recommended disposition. *Id.*

## III.

Plaintiff objects to the R&R as it relates to both Buchart's and Magnum's motions to dismiss. As to Buchart's motion, Plaintiff contends that the magistrate judge: (1) failed to consider that Buchart consented to personal jurisdiction in Virginia when he signed the Master Gas Contract, which designated Virginia as the place of performance and as the applicable law; and (2) improperly applied the applicable standard of review. Regarding Magnum's motion, Plaintiff argues that: (1) the applicable standard of review

was improperly applied; and (2) the evidence of an agency or joint venture relationship between Magnum and EPI was not properly considered.

A.

Plaintiff first claims that, in analyzing whether Buchart purposefully availed himself of this forum, the magistrate judge did not properly consider that Buchart contractually consented to jurisdiction in Virginia by allegedly signing the Master Gas Contract, which contained a Virginia choice of law provision.[2] This Court disagrees. In considering whether this Court has personal jurisdiction over Buchart, the magistrate judge properly applied the analytical framework set forth in *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 277 (2009), and found that Buchart had not purposefully availed himself of the laws of Virginia.

When a court decides the issue of personal jurisdiction under a Rule 12(b)(2) motion to dismiss "on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). "In considering a challenge on such a record, the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Id.*

---

[2] The magistrate judge correctly assumed as true Plaintiff's allegation that EPI's administrative dissolution rendered Buchart personally liable for EPI's obligations. Therefore, for the purposes of the motion to dismiss, EPI's contacts with Virginia are imputed to Buchart. The parties have not objected to that portion of the R&R.

As the Fourth Circuit has recognized, an analysis of personal jurisdiction is normally a two-step inquiry consisting of both statutory and constitutional components. *Peanut Corp. of Am. v. Hollywood Brands, Inc.*, 696 F.2d 311, 313 (4th Cir. 1982). This Court may only exercise personal jurisdiction over a non-resident defendant if such jurisdiction is authorized by Virginia's long-arm statute (Va. Code Ann. § 8.01-328.1) and such exercise of jurisdiction is consistent with the due process clause of the Fourteenth Amendment. *Consulting Eng'rs*, 561 F.3d at 277.

Virginia's long-arm statute provides that: "A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's ... [t]ransacting any business in this Commonwealth ...." Va. Code Ann. § 8.01-328.1(A)(1). As the Fourth Circuit recognized in *Consulting Eng'rs*, 561 F.3d at 277, "Virginia's long-arm statute is intended to extend personal jurisdiction to the extent permissible under the due process clause, the statutory inquiry [therefore] merges with the constitutional inquiry." *Id.* (citations omitted).

To satisfy the due process requirement of the Constitution, the defendant must have sufficient "minimum contacts" with the Commonwealth of Virginia such that the exercise of jurisdiction over the defendant "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316, 66 S. Ct. 154, 158 (1945) (citation and quotation omitted). "Minimum contacts" are present if the defendant "purposefully directed his activities at the residents of the forum" and the plaintiff's cause of action "arise[s] out of or relate[s] to those activities." *Burger King*

*Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S. Ct. 2174, 2182 (1985) (citation and internal quotations omitted).

The Fourth Circuit has set forth a three-part test to determine whether exercise of specific personal jurisdiction is appropriate.[3] *Consulting Eng'rs*, 561 F.3d at 278. This test requires the Court to focus on: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Id.* (quoting *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002)).

As to the first prong of this inquiry, although "purposeful availment" is not simply a mechanical or quantitative determination, *see Int'l Shoe*, 326 U.S. at 319, 66 S. Ct. 159, the Fourth Circuit has provided a number of nonexclusive factors for courts to consider:

- whether the defendant maintains offices or agents in the forum state;
- whether the defendant owns property in the forum state;
- whether the defendant reached into the forum state to solicit or initiate business;
- whether the defendant deliberately engaged in significant or long-term business activities in the forum state;
- whether the parties contractually agreed that the law of the forum state would govern disputes;
- whether the defendant made in-person contact with the resident of the forum in the forum state regarding the business relationship;
- the nature, quality and extent of the parties' communications about the business being transacted; and
- whether the performance of contractual duties was to occur within the forum.

---

[3] The magistrate judge correctly found that this Court cannot exercise general jurisdiction over Buchart because he lacks continuous and systematic contacts with Virginia. Plaintiff did not object to this finding. The remaining inquiry therefore focuses solely on specific personal jurisdiction.

*Consulting Eng'rs*, 561 F.3d at 278 (citations omitted).

In support of what it considers to be its prima facie case, Plaintiff asserts that Buchart deliberately engaged in long-term or significant business activities in Virginia by alleging that the two contracts at issue have paid Buchart "in excess of $136,000 since mid-2008," and that the contracts were scheduled to continue through October 31, 2011. (Pl.'s Mem. Opp'n Buchart's Mot. Dismiss 11, ECF No. 72). Moreover, Plaintiff points to both the Virginia choice of law provision and the stipulation specifying Virginia as the place of performance in the Master Gas Contract.[4] Plaintiff further alleges that Buchart "contacted [Plaintiff] on numerous occasions via email, regular mail, telephone, and facsimile transmissions directed to [Plaintiff's] Glen Allen, Virginia location." (Pl.'s Mem. Opp'n Buchart's Mot. Dismiss Ex. A, ECF No. 72-1). Notably, courts in this District have repeatedly held that emails, letters, phone calls, and faxes sent or placed into the forum in furtherance of the business transaction are insufficient by themselves to form the basis for personal jurisdiction in Virginia. *See, e.g., Superfos Invs. Ltd. v. FirstMiss Fertilizer, Inc.*, 774 F. Supp. 393, 397-98 (E.D. Va. 1991).

As to the evidence weighing against the exercise of personal jurisdiction over Buchart, Plaintiff does not dispute that Buchart does not maintain an office, agents, or property in Virginia. (Pl.'s Objections to Report and Recommendation 6, ECF No. 87). Furthermore, the pleadings and memoranda submitted by Plaintiff fail to show that

---

[4] For the purposes of Buchart's motion to dismiss, the Court will assume as true Plaintiff's allegation that Buchart signed the Master Gas Contract on behalf of EPI. *See Myland Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993).

9

Buchart reached into Virginia to solicit or initiate business. Instead, Plaintiff alleges that "[t]hrough the course of the entire contractual relationship, Buchart and eServices engaged in numerous communications regarding their agreements. Many communications originated from EPI's office in Kentucky and were received at eServices' office in Virginia." (Am. Compl. ¶ 12). Yet Plaintiff's allegations do not show that Buchart reached into Virginia *to solicit or initiate* business, which is the focus of this factor. Instead, all that is alleged are communications by Buchart in response to Virginia-based inquiries. In the same vein, Plaintiff fails to show that Buchart made in person contacts in Virginia regarding the parties' business relationship. Although Buchart traveled to Virginia for a meeting to "generally discuss[] the natural gas industry," with Plaintiff, (Pl.'s Opp'n Buchart Mem., Ex. A, Newton Decl. ¶ 3, ECF No. 72-1), no evidence has been presented nor any allegation made to show that the discussions were related to the contracts at issue in this case.

On balance, the Court is not convinced that Plaintiff has made a prima facie showing that Buchart purposefully availed himself of the laws of Virginia. Even when the allegations are construed in the light most favorable to Plaintiff, it is clear that Buchart had no relevant contact with Virginia other than the communications made to Plaintiff's Virginia office and the choice of law and performance provisions in the Master Gas Contract. Since Plaintiff fails to satisfy the first prong of the personal jurisdiction analysis with regard to Buchart, the Court need not reach steps two or three of the inquiry. *Consulting Eng'rs*, 561 F.3d at 278. Plaintiff's objections to the R&R as it relates to Buchart are therefore overruled.

**B.**

Turning to Magnum, Plaintiff contends that a prima facie showing of personal jurisdiction under Kentucky law was established through the existence of an agency or joint venture relationship between Magnum and EPI. Plaintiff maintains that the R&R does not properly attribute EPI's contacts with Virginia to its principal or joint venturer, Magnum. The R&R found that Plaintiff failed to plead sufficient facts to establish the existence of a joint venture or agency relationship, and recommended that Magnum's motion to dismiss for lack of personal jurisdiction be granted.

In order to establish a prima facie case for the existence of a joint venture under Kentucky law,[5] four elements must be satisfied:

> (1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose, among the members; and (4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control.

*Huff v. Rosenberg*, 496 S.W.2d 352, 355 (Ky. Ct. App. 1973). Furthermore, "[a]n essential feature of joint venture is the element of joint control." *Young Women's Christian Ass'n v. Family of Owensboro-Daviess County, Inc.*, 488 S.W.2d 358, 361 (Ky. Ct. App. 1972) (internal citations omitted). In its Amended Complaint, Plaintiff alleges that EPI, Buchart, and Magnum "are joint venturers with respect to the operation, production, marketing and sale of natural gas produced by the Exxo 33 and Exxo 34 wells," (Am. Compl. ¶¶ 14-15), and other gas-producing wells. Plaintiff further contends

---

[5] The parties agree that Kentucky law governs whether an agency relationship or joint venture existed between any of the Defendants in this case because Plaintiff contends that the alleged relationships were formed in Kentucky.

that all three defendants agreed to operate the wells for a profit, with each party maintaining "a voice in the direction and control of their combined enterprise." (*Id.*). Plaintiff's allegations of a joint venture fall short with respect to the fourth element. Plaintiff fails to make a prima facie showing that each party had an equal right of control—an essential feature of a joint venture. *Young Women's Christian Ass'n*, 488 S.W.2d at 361. Although Plaintiff has alleged that Magnum maintains some type of ownership interest in the natural gas wells at issue, (Am. Compl. ¶ 14), the allegations fail to establish that each party in the alleged joint venture possessed an equal right of control of the venture. As such, Plaintiff has not established a prima facie case that a joint venture existed between Magnum and EPI, and Plaintiff's objections are overruled in this regard.

Lastly, the Court will examine Plaintiff's allegation that EPI is Magnum's agent in the operation of the gas wells. Plaintiff correctly asserts that an agent's actions may be attributable to its principal in the personal jurisdiction analysis. *Mitrano v. Hawes*, 377 F.3d 402, 407 (4th Cir. 2004). "Agency is the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." *CSX Transp., Inc. v. First Nat'l Bank of Grayson*, 14 S.W.3d 563, 566 (Ky. Ct. App. 1999). "Under Kentucky law, the right to control is considered the most critical element in determining whether an agency relationship exists." *Phelps v. Louisville Water Co.*, 103 S.W.3d 46, 50 (Ky. 2003) (citing *CSX Transp., Inc.*, 14 S.W.3d at 566-67).

As with Plaintiff's joint venture allegation, proof of the alleged agency relationship between EPI and Magnum fails because the evidence before the Court falls short of demonstrating the requisite right to control. Plaintiff points the Court to a brief filed in this case in which EPI states that it "contracts for the sale of natural gas on behalf of three entities [Exxo, Magnum, and Basin]," (Def.'s Resp. to Pl.'s Mot. Amend Compl. 1, ECF No. 27), and to EPI's Counterclaim, which alleges that before EPI could enter into any alleged transaction, it "needed to get approval of the deal from the producer owning the wells." (Am. Countercl. ¶ 7, ECF No. 18). While these references may show that EPI did not have full control of the gas produced from the wells, they are still insufficient to support the contention that Magnum *controls* EPI.[6] Having failed to plead a prima facie case of agency between EPI and Magnum, Plaintiff's objections as to the R&R's agency analysis are overruled.[7]

---

[6] Plaintiff also points the Court to an Agency Request form, in which Buchart, purportedly acting as an officer of Magnum, gives agency authority over meter number 834333 to a representative from Equitable Energy. Plaintiff argues that this form proves that an agency relationship exists between EPI and Magnum. Even considered in the light most favorable to Plaintiff, this fails to show that EPI was the agent of Magnum. At best, the form shows that Magnum granted limited agency authority over meter 834333 to an individual named Amber Hurd, who works for Equitable Energy. EPI is not mentioned in this form, and the parties agree that Buchart was never an officer of Magnum. Furthermore, meter number 834333 was not alleged to be at issue in the Amended Complaint and is therefore not relevant to this analysis. The form therefore cannot possibly establish a prima facie case that EPI is Magnum's agent.

[7] Even if the evidence before the Court established the existence of an agency relationship or a joint venture, personal jurisdiction over Magnum would still not exist for the same reasons set forth under the Court's personal jurisdiction analysis of Buchart. Under that analysis, EPI's contacts were imputed to Buchart, but purposeful availment was not found. Under an analysis in which EPI is Magnum's agent or joint venturer, EPI's contacts would be similarly imputed to Magnum, yielding the same result.

## IV.

For the reasons stated above, Plaintiff's objections to the R&R are overruled, the R&R is adopted, and the Motions to Dismiss by Buchart and Magnum are granted. The Motion to Dismiss for Improper Venue is denied as moot. An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: March 15, 2011
Richmond, VA